UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE CONEJO,<br><br>    *Plaintiff,*<br><br>v.<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,<br><br>    *Defendant.* | Case No. 1:17-cv-1802-RCL |

### MEMORANDUM OPINION

On August 7, 2020, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Order, ECF No. 49. Upon consideration of Mr. Conejo's response to its order, ECF No. 50, and the Federation's response thereto, ECF No. 51, the Court will dismiss this case by separate order.

**I.   BACKGROUND**

Plaintiff Jose Conejo sued defendant American Federation of Government Employees, AFL-CIO, for four state law torts. *See* Am. Compl. ¶¶ 39–43, ECF No. 43. The complaint asserted that the court had diversity jurisdiction over the action. *Id.* at ¶ 2 (citing 28 U.S.C. § 1332). Mr. Conejo is a citizen of the Commonwealth of Virginia and he alleged that the Defendant was a citizen of the District of Columbia. *Id.* at ¶¶ 2–3.

While the Federation is headquartered in the District of Columbia, it is a nationwide union, with 12,938 members who reside in Virginia.

The Court initially presumed that it had diversity jurisdiction over the parties. *See Conejo v. Am. Fed'n of Gov't Emps., AFL-CIO*, 377 F. Supp. 3d 16, 25 (D.D.C. 2019) (treating Mr. Conejo as a citizen of Virginia and the Federation as a citizen of the District of Columbia). When the

### B. Federal Question Jurisdiction

The Federation suggests that the Court may exercise federal question jurisdiction over plaintiff's claims, claiming that they arise under the Civil Service Reform Act (CSRA).[1] Defs.' Br. 2–8. That argument fails.

A complaint raises a federal question only if that question appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392. Preemption is ordinarily a defense to a complaint, and therefore a complaint does not present a federal question merely because the defendant asserts that the plaintiff's cause of action has been preempted. *Id.* at 393. The complete preemption doctrine provides an exception to this rule, providing that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

The CSRA does not completely preempt state tort claims. *See Gutierrez v. Flores*, 543 F.3d 248, 256 (5th Cir. 2008) (holding that the CSRA does not completely preempt claims for libel, libel *per se*, and intentional infliction of emotional distress).

Moreover, even if the CSRA did completely preempt state tort claims, Mr. Conjeo's claims do not fall within the CSRA. The court resolved the argument that Mr. Conejo's claims relate to statements the Federation's agents made while representing federal employees in denying the Federation's first motion to dismiss, when it decided that Mr. Conejo's complaint did not allege unfair labor practices. *See Conejo v. Am. Fed'n Gov't Emps., AFL-CIO*, 377 F. Supp. 3d 16, 26–28 (D.D.C. 2019). Nor were the harms Mr. Conejo suffered adverse employment actions because

---

[1] Confusingly, the Federation goes on to suggest that same Act operates to deprive the Court of subject matter jurisdiction. Defs. Br. 8–9. The Court does not have federal question jurisdiction over this case, *see infra*, so it will not reach this argument.

## IV. CONCLUSION

Because it lacks subject-matter jurisdiction, the Court will dismiss this case without prejudice by separate order.

Date: August 24, 2020

Royce C. Lamberth
United States District Judge